IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Kermit Ty Poulson, | ) |
|       Plaintiff, | ) **ORDER OF DISMISSAL** |
| vs. | ) |
| Julie Hoffman, Catholic Family Services of North Dakota, | ) Case No. 1:25-cv-179 |
|       Defendant. | ) |

The court has screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2).[1] Finding the Complaint fails to state a claim for which relief may be granted. The court dismisses the above-captioned action without prejudice.

I.  **BACKGROUND**

Plaintiff is presently incarcerated at the Missoula County Detention Center in Missoula, Montana. (Doc. No. 1-4). He initiated this action *pro se* and *in forma pauperis* against Catholic Family Services of North Dakota ("CFS") and its adoption placement specialist, Julie Hoffman ("Hoffman"), on July 29, 2025. (Doc. No. 1, 3, and 5). He asserted in his Complaint that CFS and/or Hoffman violated his First Amendment rights along with his rights under the Americans with Disabilities Act ("ADA"). (Doc. No. 5). Specifically, he alleged:

> Retaliation, When asked politely to have Brian M. Banvino contact Mr. Poulson so he could contact communicate with Marisol, his biological daughter, Julie Hoffman retaliated against his free speech, claiming "Harassment," and this injured Mr. Poulson's constitutional rights. Retaliation if a Black letter violation of the First

---

[1] Section 1915(e)(2) provides that, notwithstanding financial eligibility, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

1

> Amendment. She filed a felony against Mr. Poulson who is autistic, and has physical and mental health disabilities.
>
> * * *
>
> This erected a barrier against the me ADA; of additional and communications barriers and she filed a felony is a total violation of the ADA of 1990, erecting communication barriers against a person who is bipolar autistic, and paralyzed.

(Id.) (errors in original).

The court screened Plaintiff's Complaint as required by 28 U.S.C. § 1915A. Finding that the Complaint failed to state any claims for which relief could be granted, the court issued an order giving Plaintiff until September 5, 2025, to either file an Amended Complaint addressing the deficiencies in his original Complaint or show cause why this action should not be dismissed. (Doc. No. 6).

Plaintiff filed a response to the court's order on September 10, 2025, . (Doc. Nos. 9 and 10). He insisted without explanation that Hoffman and CFS can be considered state actors for purposes of§ 1983. He also reiterated the basis for his First Amendment and ADA claims against Hoffman and CF, asserting:

> [W]hen Pouson called Hoffman to have an Adult conversation about his rehabilitation, Hoffman cut him off and wouldn't listen to him, thus violating the communications barriers Act of the A.D.A. By hanging up on him, she retaliated against his free speech, and this is reason enough not to dismiss this action because to dismiss this action would also be barrier to the communications barriers removals act by the A.D.A. Pouson seeks a "readily achievable barrier removal of bias, and hostility that Julie Hoffman showed him . . . . Poulson asked for the barriers of stigma and discrimination be removed by Julie Hoffman, who upon talking to him and learning he has paraplegia, bipolar, and autism, treated his disabilities as a criminal. Catholic family serivces didn't remove the stigma of bias and chose to hang up on him, causing emotional harm, and violating the A.D.A. Poulson is any olympic hand-cyclist, father, activist, musician and has been stigmatized wrongly by the State of Montana and North Dakota. In Montana they "terminated his parental rights" claiming he drags his feet, [illegible] is language that offends persons first language of the A.D.A.

(Doc. No. 9).

## II.   DISCUSSION

### A.   First Amendment Claim

As the court previously stated in its order to show cause:

> Section 1983 "provides an avenue for state-actor liability for unconstitutional actions taken 'under color of law.'" Pyron v. Johnston, No. 24-CV-04051 (JMB/ECW), 2025 WL 2097460, at *8 (D. Minn. July 25, 2025) (citing Magee v. Trs. of Hamline Univ., Minn., 747 F.3d 532, 535 (8th Cir. 2014). "Liability lies when the plaintiff establishes the following: "(1) violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right." Id. (quoting Shrum v. Kluck, 249 F.3d 773, 777 (8th Cir. 2001))
> The general rules is that "[o]nly state actors can be held liable under Section 1983." Youngblood v. Hy-Vee Food Stores, Inc., 266 F.3d 851, 855 (8th Cir. 2001). There is an exception to the state-actor rule, however. Non-state-actor liability may arise when a private party willfully participates in joint activity with the State or its agents. Id. However, for a private actor to come within the scope of § 1983 under this exception, the "conduct at issue [must be] fairly attributable to the state." Montano v. Hedgepeth, 120 F.3d 844, 848–49 (8th Cir. 1997). Private conduct is "fairly attributable to the state" when the following three factors are satisfied: "[1] the state has delegated a private party a power traditionally exclusively reserved to the state[;] [2] where a private actor is a willful participant in joint activity with the State of its agents[;] and [3] where there is  pervasive entwinement between the private entity and the state." Wickersham v. City of Columbia, 481 F.3d 591, 597 (8th Cir. 2007) (internal quotations omitted).

(Doc. No. X).

Here, Plaintiff makes the conclusory assertion that Hoffman and CFS are state actors. However, he has provided no facts from which it can be inferred that Hoffman is a government official or employee or otherwise engaged in any conduct that could be fairly attributable to the state. The same can be said with respect to CFS. Consequently, the court finds that Plaintiff has not satisfied the state actor requirement necessary to sustain his First Amendment claim against Hoffman and CFS. See e.g., Peterec-Tolino v. New York, 364 Fed. App'x 708, 711 (2d Cir. 2010)

3

(affirming district court's sua sponte dismissal of § 1983 claims without leave to amend because, inter alia, certain defendants were not state actors and "[a]ny amendment would be futile"); Leogrande v. Erie Ins. Co. of N.Y., No. 11-CV-1319 JFB ARL, 2011 WL 1528103, at *3 (E.D.N.Y. Apr. 20, 2011) ("It is well settled that a court may dismiss a claim under Section 1983 sua sponte where there is no conceivable basis to find that the defendant was a state actor.").

### B.  ADA Claim

Plaintiff has asserted what the court construes as a claim Title III of the ADA, 42 U.S.C. §§ 12181–89.  Title III of the ADA prohibits discrimination on the basis of disability in public accommodations operated by private entities. Section 12182(a) provides the general rule that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a)

"The elements of a disability discrimination claim under Title III include that: (1) the plaintiff is disabled, (2) the defendant owns, leases or operates a place of public accommodation, (3) the defendant engaged in conduct adverse to the plaintiff because of the plaintiff's disability, and (4) the defendant failed or refused to provide the plaintiff a reasonable accommodation for the plaintiff's disability." Frost v. Lion Brand Yarn Co., 765 F. Supp. 3d 808, 813 (D. Minn. 2025) (citing Koester v. Young Men's Christian Ass'n of Greater St. Louis, 855 F.3d 908, 910 (8th Cir. 2017)).

#### 1.  CFS

With respect to elements three and four, Plaintiff makes the conclusory assertion without any

supporting facts that he was retaliated against on account of his disability. However, he has providing nothing to suggest that CFS engaged in conduct adverse to him *because* he is disabled or otherwise failed or refused to accommodate Plaintiff's disability. Put another way, it does not appear from Plaintiff's Complaint that he had retained or was seeking to retain CFS but was turned away on account of disability and otherwise denied the information he sought because of his disability. Rather, it appears that CFS was either unable to or unwilling to share certain information for reasons other than his disability and perhaps reported him for harassment on account of his persistence. This does not constitute the basis for a cognizable Title III claim.

### 2. Hoffman

As the court previously noted, "it is generally accepted that individual employees who do not own or operate the place of public accommodation cannot be held personally liable under the ADA. (Doc. No. 6 (collecting cases)).

Plaintiff alleges in his Complaint and response to the order to show cause Hoffman works for CFS. However, he says nothing to suggest that Hoffman could be considered CFS's operator for purposes of the ADA or that her refusal to share contact information was a discretionary act on her part as opposed to the implementation of institutional policy or the mandates of superiors. Further, as discussed above, his assertions regarding elements three and four and conclusory.

### III. CONCLUSION

Plaintiff has failed to show cause why this action should not be dismissed. Finding that Plaintiff's Complaint devoid of any cognizable constitutional or ADA claims, the court **DISMISSES** the above-captioned action without prejudice.

**IT IS SO ORDERED.**

Dated this 15th day of September, 2025.

>   */s/ Clare R. Hochhalter*
>   Clare R. Hochhalter, Magistrate Judge
>   United States District Court